THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ,

       Petitioner,

v.

                                                         No. Civ. 12-368 LH/RHS

THE LAW FIRM OF ELIAS BARELA,
ATTORNEY ELIAS BARELA,
NANCY E. BARELA, JOSE ANGEL DIAZ,
Jointly and Severally, in Their Individual,
Personal and Professional Collective
Capacities, and Others Yet Un-Named,
Jointly and Severally, in Their Individual,
Personal and Professional Collective
Capacities,

       Respondents.

## MEMORANDUM OPINION AND ORDER

On August 2, 2012, Respondents (hereinafter "Defendants") filed a Motion to Dismiss with Prejudice Pursuant to Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment Pursuant to Rule 56 (Doc. 38). The Court, having considered the motion, pleadings, law, and otherwise being fully advised, concludes that Defendants' motion to dismiss should be granted.

**I.    FACTUAL BACKGROUND**

According to the allegations of the Complaint filed in this case, on January 24, 2012, Plaintiff Carlos Diaz was served with a Complaint "Petition for Paternity and Back Child Support" (hereinafter "State Court Petition") along with a Temporary Domestic Order in the Thirteenth Judicial District Court for the State of New Mexico. (*See* Compl. (Doc. 1) at 3.) The State Court Petition was signed by attorney Elias Barela, in his professional capacity. (*Id.*) The

State Court Petition alleged the following against Plaintiff Carlos Diaz: Mr. Carlos Diaz is the father of Petitioner Jose A. Diaz and has been aware that he could be the father since on or before November 29, 1993; any and all other potential fathers have been excluded as the biological father of Petitioner Jose A. Diaz by way of DNA testing; and Mr. Carlos Diaz had "made no contribution to Petitioner [Nancy] Barela for support of their child Petitioner Diaz, from his birth to present." (*See id.* at 3-5.) Defendants, through the Law Firm of Elias Barela, requested in the State Court Petition that Carlos Diaz submit to DNA testing to determine the parentage of Jose A. Diaz. (*See id.* at 6.)[1]

Plaintiff Carlos Diaz further alleges in his federal complaint that Defendants, through the Law Firm of Elias Barela, filed several illegal fraudulent documents in the Thirteenth Judicial District Court, containing a "fabricated statement with regards to ('extenuating circumstances beyond Petitioner's control'), A RAPE against Petitioner, (now Respondent) and, also alleging that Respondent Nancy Barela and Respondent Jose A. Diaz had full knowledge of the alleged RAPE (extenuating circumstances beyond Petitioner's control)." (*Id.* at 5.) Plaintiff Carlos Diaz further states that Respondent Nancy Barela has used a different father's name in paperwork for various governmental agencies. (*See id.* at 6-7.)

Plaintiff Carlos Diaz asserts that the allegations made by Defendants in their state court pleadings constitute false statements, false claims, misrepresentation of facts, and perjury, in violation of 18 U.S.C. §§ 1001 and 1621 and 28 U.S.C. § 1746. (*See id.* at 4.) He alleges that Defendants have filed false and fraudulent complaints, documents, and declarations before the courts; attempted and conspired to commit fraud against him; and deprived him of rights under color of law, in violation of numerous additional provisions of the federal criminal code:

---

[1] Elias Barela is not related to his client Nancy Barela.

2

18 U.S.C. §§ 241, 242, 371, 1341, 1349, and 1623.  (*See id.* at 5-8.)  Plaintiff Carlos Diaz also asserts that he is being singled out for discrimination in violation of the Fourth and Fourteenth Amendments.  (*See id.* at 5-6.)

## II.    STANDARD

On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  The inquiry when reviewing a motion to dismiss is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).  Pro se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), but must comply with the basic requirements of the Federal Rules of Civil Procedure, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)).  A pro se plaintiff is thus not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim.  *See Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III.    ANALYSIS

Plaintiff has alleged claims for violations of the Fourth and Fourteenth Amendments, as well as for violations of various provisions of the federal criminal code and 28 U.S.C. § 1746, the statute providing how to make unsworn declarations under penalty of perjury.  Section 1983 creates a claim against a person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprived another of his federal constitutional or statutory rights.  42 U.S.C. § 1983.  The meaning of "under color" of law has consistently been treated as the same

thing as "state action" under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794, n.7 (1966)). A person acts under color of law if their actions can fairly be attributable to the State. *Id.*

In this case, Plaintiff cannot state a claim against the Defendants in this case, because Defendants are all private citizens and there are no facts showing that they were acting on behalf of the State. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446-47 (10th Cir. 1995) (violation of Fourteenth Amendment requires that wrongs be committed by state actor); *Wasko v. Silverberg*, 103 Fed. Appx. 332, 334 (10th Cir. 2004) (unpublished opinion) ("A violation of either the Fourteenth Amendment or § 1983 requires wrongs committed by a *state* actor. Regardless of the character of the particular rights asserted, if there is no state actor, there will be no federal cause of action.") (Emphasis in original). Moreover, Plaintiff cannot bring a direct action for violation of the federal criminal code, because courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983) . . . . These statutes do not give rise to a civil action for damages."); *Clements v. Chapman*, 189 Fed. Appx. 688, 690-92, 2006 WL 1739826 (10th Cir. June 27, 2006) (dismissing Section 1983 claims against private attorneys because they were not state actors and dismissing portions of complaint asserting violations of federal criminal statutes because federal criminal statutes, including 18 U.S.C. §§ 241, 242, 1001, 1341, and 1621 do not provide private causes of action); *Higgins v. Neal*, 52 F.3d 337, 1995 WL 216920, at *1 (10th Cir. Apr. 12, 1995) (unpublished decision). Plaintiff's claims will therefore be dismissed with prejudice for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss with Prejudice

Pursuant to Rule 12(b)(6), or in the Alternative, Motion for Summary Judgment Pursuant to Rule 56 (**Doc. 38**) is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE